**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JOHNNY WELCH,**
        **Petitioner,**

**v.**                                    **Case No. 1:16cv285-WTH/CAS**

**JULIE L. JONES,**
        **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On August 17, 2016, Petitioner Johnny Welch, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.   He filed an amended § 2254 petition on September 9, 2016. ECF No. 5.   On June 14, 2017, Respondent filed an answer and exhibits. ECF No. 21.   Petitioner filed a reply on July 7, 2017.   ECF No. 23.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

By information filed December 29, 2010, in case number 38-2010-CF-881-A, in the Eighth Judicial Circuit, Levy County, the State of Florida charged Petitioner Johnny Lee Welch with two counts in connection with events that took place on July 2, 2010:   (1) possession of a controlled substance (cocaine) with intent to sell, contrary to section 893.13(1)(a)1., Florida Statutes; and (2) sale and delivery of a controlled substance (cocaine), contrary to section 893.13(1)(a)1., Florida Statutes.   Ex. A at 35.[1]   Welch proceeded to a jury trial and, on March 30, 2011, the jury found him guilty on both counts as charged in the information.   *Id.* at 36; *see id.* at 49.   That same day, the judge adjudicated Welch guilty and sentenced him, on each count, to ten years in prison, followed by five years' probation, to be served concurrently.   *Id.* at 37-42.   Welch did not file a direct appeal.   *See* Ex. W at 25.

On April 4, 2011, Welch filed a motion for post-conviction relief.   Ex. A at 1-3.   The state trial court considered it as a Motion to Reduce

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 21.

Case No. 1:16cv285-WTH/CAS

Sentence and denied the motion by order rendered April 7, 2011.   *Id.* at 4.

On April 25, 2011, Welch filed a Motion for Postconviction Relief.   *Id.* at 12-21.   He also filed a Motion for Hearing, *id.* at 22-23, and a Motion for Bond Entry, *id.* at 24-25.   By order rendered May 23, 2011, the state trial court considered the second two motions as motions for post-conviction relief under Rule 3.850 and dismissed both without prejudice for failure to meet the oath requirement.   *Id.* at 26-27.   By order rendered May 31, 2011, the state court also dismissed the first motion, without prejudice to amend within 30 days, finding the grounds meritless or facially insufficient. *Id.* at 28-34.

On June 22, 2011, Welch filed another motion for post-conviction relief.   *Id.* at 101-11 (exclusive of attachments).   He also filed supplements, *id.* at 123-26 and 131-34, a "Motion of Inquiry," *id.* at 135-36, and a motion for leave to amend, *id.* at 137-39.   On October 30, 2011, he filed an amended motion for post-conviction relief.   *Id.* at 143-63.   He also filed another amended motion.   *Id.* at 164-84.   By order rendered December 5, 2011, the state trial court summarily denied the motions for post-conviction relief.   Ex. B at 207-19 (exclusive of attachments).   Welch

appealed to the First DCA and filed an initial brief, assigned case number 1D12-269, raising twelve points.   Ex. C (Initial Brief).   The State did not file an Answer Brief.   *See* Ex. D.   In an opinion filed October 5, 2012, the First DCA affirmed in part, reversed in part (concerning Claim C), and remanded the case for further proceedings (concerning Claim C).   Ex. F; Welch v. State, 98 So. 3d 721 (Fla. 1st DCA 2012).   The First DCA issued the mandate on October 31, 2012.   Ex. F.   Welch filed a motion for clarification, which the First DCA denied by order on December 5, 2012. Ex. G.   Welch filed a "Motion for Belated Rehearing," which the First DCA denied by order on April 19, 2013.   Ex. H.   In April 2014, Welch filed a Motion to Recall Mandate and a Motion for Rehearing, which the First DCA denied by order on May 7, 2014.   Ex. I.

In the meantime, in the state trial court, Welch filed another motion for post-conviction relief on November 5, 2012.   Ex. K at 175-82.   By order rendered November 14, 2012, the state trial court considered the First DCA's mandate as well as Welch's subsequent post-conviction motion, and set Ground C and a claim raised in the motion filed November 5 (Ground A) for an evidentiary hearing.   *Id.* at 185-86.   The court appointed counsel to

represent Welch at the hearing.   *Id.* at 186, 193, 199.   Welch, through

counsel, filed a Supplement to Motions for Post Conviction Relief.   Ex. L at

201-02.   The evidentiary hearing occurred on January 16, 2013, and the

post-conviction court heard evidence concerning the motion and the

supplement.   Ex. Q at 41, 38-153 (hearing transcript).   Three witnesses

testified:   Welch, Officer Jerry Burton Miller, Jr., and Michael Bryant

(Welch's trial counsel).   *Id.* at 39, 42.   By order rendered January 30,

2013, the court denied post-conviction relief.   Ex. L at 210-14.   Welch filed

a motion for rehearing, *id.* at 215-18, and a supplement to the motion for

rehearing, *id.* at 219-21.   By order entered February 15, 2013, the state

trial court denied the motion for rehearing.   *Id.* at 222-23.   Welch appealed

to the First DCA, assigned case number 1D13-961.   *Id.* at 247.   He filed a

brief.   Ex. R.   On March 27, 2014, the First DCA per curiam affirmed the

case without a written opinion.   Ex. S; <u>Welch v. State</u>, 139 So. 3d 305 (Fla.

1st DCA 2014) (table).   Welch filed motions for rehearing, rehearing en

banc, clarification, and certification, Ex. T, which the First DCA denied by

order on May 9, 2014, Ex. U.   The First DCA issued the mandate on June

25, 2014.   Ex. V.

Thereafter, Welch continued to file post-conviction motions, which the state trial courts dismissed or denied, and the appellate courts affirmed. *See* ECF No. 21 at 5-8.   To the extent relevant, those will be discussed in the analysis of the particular grounds raised in this federal habeas case.

As indicated above, Welch filed a § 2254 petition in this Court on August 17, 2016, ECF No. 1, and he filed an amended petition on September 9, 2016, ECF No. 5.   He raises four grounds:

(1) **Newly Discovered Evidence**:   Petitioner 'learned of a three-year plea deal that was never given to [him] by trial counsel," which Petitioner would have accepted.   ECF No. 5 at 5.

(2) **Ineffective Assistance of Counsel**:   "Trial counsel did not . . . take depositions, did not file for new trial, did not challenge cocaine evidence, did not file notice of appeal, did not explain entrapment defense, did not tell [Petitioner] of a three-year plea deal."   *Id.* at 6.   "Trial counsel failed to act as the counsel required under the United States Constitution when he failed to request a continuance when new evidence was presented on the day of trial."   *Id.* at 7.

(3) **Discovery Violation**:   "State did not disclose identity of informant or other information."   *Id.* at 8.

(4) **Evidence Tampering**:   "[T]rial court looked at chain of custody, rather than the weight of cocaine (crack) evidence. Trial shows a bag of crumbs, versus, FDLE shows 0.1 grams of crack cocaine that's residue."   *Id.* at 10.

Respondent filed an answer, with exhibits.    ECF No. 21.    Welch has filed a reply.    ECF No. 23.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.    Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).    *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).    "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit

of the doubt.'"   <u>Cullen</u>, 563 U.S. at 181 (quoting <u>Harrington v. Richter</u>, 562

U.S. 86, 102 (2011), and <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."   *Id.*

For claims of ineffective assistance of counsel (IAC), the United

States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.   This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.   Second,
> the defendant must show that the deficient performance
> prejudiced the defense.   This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).   To demonstrate

ineffectiveness, a "defendant must show that counsel's performance fell

below an objective standard of reasonableness."   *Id.* at 688.   To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."   *Id.* at 694.   "A reasonable

probability is a probability sufficient to undermine confidence in the

outcome."   *Id.*   For this Court's purposes, importantly, "[t]he question 'is

not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'"   Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).   "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."   *Id.*   It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard."   *Id.*

### Ground 1: Newly Discovered Evidence – Three-Year Plea Deal

In his first ground, Petitioner Welch asserts he did not know about a three-year plea deal and thus appears to assert a claim of ineffective assistance of trial counsel for not telling him about the plea deal.   As Respondent indicates Welch exhausted this ground by raising this claim in one of his state post-conviction motions, asserting the claim as one of newly discovered evidence.   *See* ECF No. 21 at 17-18; Ex. FFF at 13-18. In an order rendered February 8, 2016, the state post-conviction court summarily denied the claim, making the following findings:

> 2.   In the instant motion, Defendant alleges that he is entitled to relief based on newly discovered evidence in the

form of his former defense counsel's January 2013 evidentiary hearing testimony which indicated that the State made Defendant a plea offer of 3 years imprisonment.    *See* Evidentiary Hearing Transcript at 70 (lines 11-17).    According to Defendant, had he known about the plea offer of 3 years, he would have accepted it instead of proceeding to trial.

3.    Though Defendant alleges that his claim is based on newly discovered evidence, it is actually a claim of ineffective assistance of counsel.    Thus, it is untimely filed.    *See* Morgan v. State, 912 So. 2d 642 (Fla. 5th DCA 2005), *review denied*, 929 So. 2d 1053 (Fla. 2006).

4.    Furthermore, "[t]o obtain relief based on newly discovered evidence, a petitioner must satisfy two prongs." Archer v. State, 934 So. 2d 1187, 1193 (Fla. 2006).    "First, the evidence offered must have been unknown by the trial court, by the party, or by counsel at the time of the trial, and it must appear that neither defendant nor his counsel could have known of it by the use of due diligence."    *Id*.    "Second, the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial."    *Id*.    Here, even if Defendant was not aware of the plea offer prior to trial, he was certainly made aware of it during his rule 3.850 evidentiary hearing on January 26 [sic], 2013.    *See* Evidentiary Hearing Transcript at 70 (lines 11-17).    Thus, it is not newly discovered evidence.

5.    Even if the motion were timely filed, it is undisputed that prior to the purported plea offer of 3 years Defendant rejected a plea offer of 1 year and 1 week in the Department of Corrections.    *See* Evidentiary Hearing Transcript at 12 (lines 5-11), 70 (lines 9-14).    Furthermore, counsel advised Defendant to accept that plea offer and not proceed to trial.    *Id*. at 85 (lines 8-10) ("I strongly encouraged him to accept the plea offer because, in my opinion, that was the best thing for him to do."). However, Defendant wanted to proceed to trial.    *Id*. at 85 (lines 4-10).

6.   Former defense counsel's sworn evidentiary hearing testimony reflects that Defendant was advised of the plea offers in this case; rejected them; and, affirmatively indicated his desire to proceed to trial.   For this reason, Defendant fails to show either error by counsel or prejudice.   Accordingly, the claim raised is without merit.

Ex. FFF at 27-29.   On appeal, the First DCA affirmed without a written opinion.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the findings of the state post-conviction court that the three-year plea offer was not newly discovered evidence in January 2016, when Welch filed his claim in state court.   *See* Ex. FFF at 1, 13.   Even assuming Welch did not know about the plea offer at the time it was made, he knew of it during the evidentiary hearing held January 16, 2013, but he did not file the motion until January 20, 2016. Ex. FFF at 1; Ex. Q at 103, 107, 122.

In addition, the record supports the court's findings that Welch was advised of the plea offers, rejected them, and wanted to proceed to trial. In particular, as the state court found, Welch had testified at the January 16, 2013, evidentiary hearing that he knew about a plea offer of a year and a week.   Ex. Q at 12.   Further, Welch's trial counsel had testified at the

evidentiary hearing regarding plea offers from the State:

> Well, at the time this case was pending, another case was also pending with Mr. Welch, and the State had made a plea offer initially for Mr. Welch.   I think the very first plea offer was a year and a week; if he pled to the other case the State would drop this case.   Mr. Welch did not want to accept that plea offer.   Later on, the State made another plea offer but they increased it and I think it was three years if Mr. Welch would plea to, again, the case that we went to trial with and I got a not guilty verdict.   Mr. Welch did not want to accept that.
>
> I explained to Mr. Welch that they had a video [in this case] and that I felt that that was a stronger case and I did not think that we would have any problem at trial with the case that we did prevail.

Ex. Q at 103; *see id.* at 107.   Counsel also testified that he "strongly encouraged" Welch to accept the plea offer:

> We had extensive discussions about defenses, and he dictated which way he wanted to go in this case.   And as – my obligation as his attorney and ethically and professionally I had to pursue the defense that he wanted, although I gave him advice to the contrary and I strongly encouraged him to accept the plea offer because, in my opinion, that was the best thing for him to do.

*Id.* at 122.

Even considering the merits of the claim, Welch has not shown a reasonable probability that he would have accepted a three-year plea offer but for any alleged ineffectiveness of counsel in failing to convey the offer.

*See* <u>Lafler v. Cooper</u>, 566 U.S. 156, 164 (2012) (clarifying that Sixth Amendment right to effective assistance of counsel extends to negotiation and consideration of plea offers that lapse or are rejected, and concluding that, to establish prejudice, defendant must show reasonable probability that but for counsel's ineffectiveness:   (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that wee in fact imposed").   Welch's rejection of the first plea offer of one year and one week, because he wanted to go to trial and raise the defense of misidentification, belies his current assertion that he would have accepted a plea offer of three years.

Petitioner Welch has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

### <u>Ground 2</u>:    IAC – Multiple Instances

In his second ground, Petitioner Welch argues trial counsel provided ineffective assistance by because he did not (a) take the deposition of the confidential informant; (b) file a motion for a new trial; (c) challenge the cocaine evidence; (d) file a notice of appeal; (e) explain the entrapment defense; and (f) inform Welch about a three-year plea deal.    ECF No. 5 at 6-7.    Respondent indicates Petitioner exhausted these claims by presenting them in state court in his motions for post-conviction relief.    *See* ECF No. 21 at 21; *see also* Ex. A at 1-3, 12-21, 101-18, 143-84; Ex. K at 1-18, 31-72, 175-82; Ex. Q at 1-3; Ex. W at 1-24; Ex. AA at 1-12; Ex. HH at 1-3, 37-42; Ex. TT at 1-10; Ex. VV at 1-8; Ex. FFF at 1-11, 13-18; Ex. JJJ at 10-15; Ex. PPP.

### (a) Deposition of Confidential Informant

In his first sub-claim, Petitioner Welch asserts his trial attorney provided ineffective assistance because he did not take the deposition of the confidential informant (CI).    ECF No. 5 at 6; ECF No. 23 at 2.    The state post-conviction trial court summarily denied this claim, in an order dated January 29, 2013, making the following findings:

> 5.    During the evidentiary hearing, Defendant testified
> that counsel only advised him of the existence of the

confidential informant and the related video in early March 2011, a few weeks before his trial; and, that counsel did not discuss the contents of the video with him, even after showing it to him.   In addition, Defendant indicated that had he known the identity of the confidential informant in this case before trial, he would have accepted the State's plea offer and not proceeded to trial.

. . . .

7.   Former defense counsel Michael Bryant testified at the hearing that he has been an attorney for over 24 years, with most of that time practicing as a criminal defense attorney. According to counsel, he met with Defendant several times prior to trial to discuss the case and Defendant's options. Counsel further testified that he knew the identity of the confidential informant in this case based on prior experience with her as a confidential informant in other cases, including a prior case where she had testified against Defendant at a trial. And, when counsel and Defendant were reviewing the video of the controlled buy in this case, Defendant indicated to counsel that he also knew her (the confidential informant) as well, and that he had grown up with her son.   Mr. Bryant also testified that he encouraged Defendant to accept the State's plea offer because he did not believe that they could win at trial based on a defense of misidentification; but, Defendant was adamant that he was not the person seen selling crack cocaine to the confidential informant in the video and wished to take it to trial.

8.   This Court finds the testimony of former defense counsel to be credible and the testimony of Defendant to not be credible.   First, counsel indicated that he was familiar with the confidential informant in this case and found no strategic benefit to deposing her on matters for which he already knew the answer (e.g., her background, how much she was paid to be a confidential informant, and how many controlled buys she had made for Investigator Miller).   This is a sufficient reason for him to not depose her in this case.   Second, counsel explained that

he put forward the defense at trial that Defendant wanted to put forward:   that Defendant was not the person in the video. Counsel testified that there was no strategic benefit to deposing the State's witnesses as to the details of the buy when the intended defense was that Defendant did not sell her the cocaine.

As for Defendant's testimony, the claim that counsel did not advise him that there was a confidential informant and video in this case is simply not credible given the record.   In addition, Defendant's claim that he did not know who the confidential informant was until trial is completely nonsensical given the fact that he explicitly remembered the minute details of their conversations, both prior to and during the date of the offense, when he took the stand and testified.   Furthermore, Defendant's claim that counsel came to the jail and showed him the video of the controlled buy, but then would not discuss its contents with him, or answer any questions about it, is patently absurd.

9.   This Court finds that given counsel's knowledge of the confidential informant's background prior to this case, counsel did not err by failing to depose her.   Furthermore, the testimony from the hearing reflects that counsel's decisions were strategic, and that strategy was logical given the circumstances surrounding Defendant's requested defense of misidentification.

Ex. L at 211-13.   On appeal, the First DCA affirmed without a written

opinion.   Ex. S.   This constitutes a ruling on the merits and is

entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington,

562 U.S. at 98-100.

The state court record supports the findings of the post-conviction

court regarding the testimony of Welch and his trial counsel, Michael

Bryant, at the evidentiary hearing.   Ex. Q at 47-52 (testimony of Welch);

82-83, 94-96, 100-02, 107-10, 119-22, 130-32 (testimony of Bryant).   In

particular, counsel testified he was familiar with the confidential informant

as she had been involved in other cases of his and he already had "several

depositions involving this same confidential source."   *Id.* at 100-01.

Counsel testified he "already had the information" about the confidential

informant, so he did not interview or depose her for Welch's case,

particularly given the misidentification defense Welch had chosen to

pursue, that he was not involved in the controlled buy.   *Id.* at 102, 107-10.

Contrary to Welch's claim that he did not know the identity of the

confidential informant until trial, counsel testified that when they viewed the

video together, Welch recognized the voice of the confidential informant on

the video and told counsel he had grown up with the confidential

informant's son and knew her well.   *Id.* at 107.   Counsel also testified

regarding the decision not to take depositions:

> We had some discussion about – another trial strategy was
> about whether or not to take depos.   I told Mr. Welch that if he
> was maintaining the defense that that was not him in the video
> then deposing the witnesses would be of no value and it would
> possibly reveal any trial strategy that we had by the questions I
> would need to ask in regards to whether or not that was him in
> the video, and Mr. Welch agreed with me.

*Id.* at 108-09.

The state post-conviction trial court permissibly accepted the testimony of defense counsel over that of Welch.   That court sits as the fact-finder and determines witness credibility in Rule 3.850 proceedings. *See, e.g.*, <u>Smith v. State</u>, 697 So. 2d 991, 992 (Fla. 4th DCA 1997); Fla. R. Crim. P. 3.850(d).   "Federal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor was observed by the state court, but not by them.'"   <u>Consalvo v. Sec'y for Dep't of Corr.</u>, 664 F.3d 842, 845 (11th Cir. 2011) (quoting <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983)). Accordingly, the state post-conviction trial court properly concluded counsel did not err by not deposing the confidential informant given counsel's knowledge, and counsel's decision constituted logical strategy given Welch's chosen defense of misidentification.

Petitioner Welch has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this claim should be denied.

### (b) Motion for a New Trial

In his second sub-claim, Petitioner Welch argues his trial counsel

provided ineffective assistance by not filing a motion for a new trial.   ECF

No. 5 at 6.   The post-conviction court summarily denied this claim, in an

order rendered December 5, 2011, making the following findings:

> As to ground (V), Defendant alleges that trial counsel was
> ineffective for failing to file a motion for new trial following the
> verdict.   Defendant is essentially challenging the sufficiency of
> the evidence supporting his conviction.   A defendant cannot
> challenge the sufficiency of the evidence underlying his
> conviction through a rule 3.850 motion.   Betts v. State, 792 So.
> 2d 589, 590 (Fla. 1st DCA 2001); *see also* Johnson v. State,
> 593 So. 2d 206, 208 (Fla. 1992) ("[i]ssues which either were or
> could have been litigated at trial and upon direct appeal are not
> cognizable through collateral attack").   Motions filed under rule
> 3.850 cannot be utilized in place of a direct appeal.   *See* Jones
> v. State, 446 So. 2d 1059, 1061-62 (Fla. 1984).   Accordingly,
> this claim is without merit.

Ex. B at 216-17.   On appeal, the First DCA affirmed without a written

opinion.   This constitutes a ruling on the merits and is entitled to AEDPA

deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state post-conviction court denied this claim on an independent

and adequate state ground.   Accordingly, it is barred from consideration in

federal habeas.   *See, e.g.*, Harmon v. Barton, 894 F.2d 1268, 1273 (11th

Cir. 1990) (concluding that state appellate court's "per curiam affirmance of

the trial court's ruling explicitly based on procedural default is a clear and

express statement of its reliance on an independent and adequate state

ground which bars consideration by the federal courts").

Moreover, a review of the record reflects that the State did present sufficient evidence to support the convictions.   In particular, although the full trial transcript does not appear in the record, portions of the transcript indicate that, at the trial, Officer Miller, from the Levy County Sheriff's Office, testified he utilized a confidential informant (CI) "to purchase street-level crack cocaine, small quantities of crack cocaine, from different individuals that were selling."   Ex. A at 54.   Officer Miller testified that Welch, also known as "Blade," was the target of this operation.   *Id.* at 55-56.   Officer Miller instructed the CI "to make contact with him and get his phone number and attempt to arrange some drug buys from Mr. Welch." *Id.* at 56.   In Miller's presence, the CI contacted Welch by phone and arranged to purchase crack cocaine with the $30 that Miller provided.   *Id.* at 56, 57-58.   Miller testified that after the phone call, the CI exited Miller's vehicle and walked to the location of the meeting with Welch.   *Id.* at 58. The CI called Welch again and he said he was on his way, and Welch changed the location of the meeting.   *Id.* at 58-59.   The CI then walked to the new location.   *Id.* at 59.   Welch arrived and the drug transaction occurred, and the CI returned to Miller's vehicle.   *Id.*   Miller secured the

drugs in evidence envelopes.   *Id.* at 60.   The exchange between the CI

and Welch during the controlled buy was recorded on both video and audio

devices.   *Id.* at 61-62.   Miller identified Welch on the video and in the

courtroom.   *Id.* at 62.   The video of the controlled buy was played for the

jury.   *See id.* at 66.   The CI also testified at Welch's trial; the CI identified

Welch as the only person who sold her drugs that day and as the person in

the video.   *Id.* at 67.   A crime lab analyst testified at trial that she tested

the substance and it contained cocaine.   *Id.* at 69-70.

Petitioner Welch has not shown that the state court's rejection of this

claim involved an unreasonable application of clearly established federal

law or that it was based on an unreasonable determination of the facts.

*See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this claim should be denied.

### (c) Challenge to Evidence

In his third sub-claim, Petitioner Welch argues his trial counsel

provided ineffective assistance by not challenging the cocaine evidence.

ECF No. 5 at 6.   The state post-conviction trial court summarily denied the

claim, in an order rendered December 5, 2011, making the following

findings:

> . . . Defendant alleges that trial counsel was ineffective for
> failing to object to the admission of crumbs of crack cocaine as

evidence at trial when the State was charging him with selling
two solid pieces of crack cocaine.   At trial, the State
established a proper chain of custody for the crack which was
purchased from Defendant by the confidential informant . . . .
*See* Trial Transcript at 27 (lines 18-25) – 29 (lines 1-16), 45
(lines 3-24), 51 (lines 2-25) – 55 (lines 1-2).   Defendant argues
that the evidence should not have been admitted at trial
because it was in a different form than that which he had
allegedly sold it in.   However, at trial, Deputy Miller testified
that crack cocaine is often very thin, "so whenever it's placed in
evidence lockers or handled around, it's going to break up . . .
into smaller pieces."   *Id.* at 29 (lines 1-8).   Furthermore, there
is no evidence that the crack cocaine was tampered with by law
enforcement.   Thus, Defendant fails to show any basis on
which counsel could have objected to the introduction of the
crack at trial.   This claim is without merit.

Ex. B at 211-12; *see* Ex. A at 30.   On appeal, the First DCA affirmed

without a written opinion.   This constitutes a ruling on the merits and is

entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562

U.S. at 98-100.

The record supports the post-conviction court's finding that, during

the trial, the prosecution established a proper chain of custody for the crack

cocaine purchased from Welch by the confidential informant.   Ex. A at 59-

61 (testimony of Officer Miller).   As discussed in the analysis of

Ground 2(a), *supra*, Officer Miller testified regarding the controlled buy

between the confidential informant and Welch.   *Id.* at 55-62.   Officer Miller

testified the "very small amount" of crack cocaine in the evidence pouches

was in the same or substantially the same condition as when he received it.

*Id.* at 60-61.   In addition, as the court found, Officer Miller testified that

crack cocaine is often very then and, when handled or placed in evidence

lockers, it can break into smaller pieces.   *Id.*

Of note, Welch raised this claim again in state court and, in an order

rendered March 11, 2013, the state post-conviction court again denied the

claim:

> As to ground (B), Defendant alleges that trial counsel was
> ineffective for failing to file a motion to suppress the cocaine
> based on the weight difference and physical difference.   The
> instant claim is substantially [the] same as a claim previously
> raised by Defendant and denied by this Court.   *See* Motion for
> Post-Conviction Relief (filed December 5, 2011) at 7; Amended
> Motion for Post-Conviction Relief (filed December 5, 2011) at 5,
> 13-14; Order Denying Motions for Post-Conviction Relief at 5-6.
> The denial of that claim was affirmed on appeal.   Welch v.
> State, 98 So. 3d 721 (Fla. 1st DCA 2012).   Accordingly, the
> claim raised is barred by collateral estoppel.   Collateral
> estoppel precludes a defendant from rearguing in a successive
> motion the same issue argued in a prior motion.   State v.
> McBride, 848 So. 2d 287, 291 (Fla. 2003); *see also* Jenkins v.
> State, 749 So. 2d 527, 528 (Fla. 1st DCA 1999) (noting that a
> defendant may not raise the same illegal sentencing issue in
> successive post-conviction motions).   Accordingly, the claim
> raised is without merit.
>
> Even if the claim were not barred by collateral estoppel,
> the claim raised is without merit.   The difference in weight
> between that listed by Investigator Miller (2/10ths of a gram)
> and that listed by FDLE (1/10th of a gram) is 1/10th of a gram.
> As noted by this Court in a previous order, there is no evidence

> of tampering in this case by law enforcement.   *See* Order
> Denying Motions for Post-Conviction Relief at 5-6.   Absent
> some indication of tampering had counsel moved to suppress
> the cocaine, the motion would have been denied.   Because
> Defendant fails to show either error by counsel or prejudice, the
> claim raised is without merit.

Ex. W at 27-28.

Petitioner Welch has not shown that the state court's repeated

rejection of this claim involved an unreasonable application of clearly

established federal law or that it was based on an unreasonable

determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly,

this claim should be denied.

## (d) Notice of Appeal

In his fourth sub-claim, Petitioner Welch asserts his trial counsel

provided ineffective assistance by not filing a notice of appeal.   ECF No. 5

at 6.   The state post-conviction trial court summarily denied the claim, in

an order rendered December 5, 2011, making the following findings:

> . . . Defendant alleges that trial counsel was ineffective for
> advising Defendant that "if [he] lost [at] trial . . . there would [be]
> no need to file a direct appeal."   If Defendant is seeking a
> belated appeal of his conviction and sentence in the above-
> captioned case, he is hereby advised that jurisdiction to
> entertain such a claim lies with the appellate court, not the trial
> court.   *See* Fla. R. App. P. 9.141(c)(2).   This Court does not
> have jurisdiction to consider Defendant's claim.

Ex. B at 212; *see* Ex. A at 31.   On appeal, the First DCA affirmed without a written opinion.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); <u>Harrington</u>, 562 U.S. at 98-100.

The state post-conviction court denied this claim on an independent and adequate state ground, lack of jurisdiction.   Further, the record reflects that Welch eventually heeded the suggestion of the post-conviction court as he filed a petition for belated appeal on or about May 30, 2013, assigned case number 1D13-2629 in the First DCA.   Ex. SSS.   His petition states:

> 1)   Counsel never filed notice of direct appeal after trial
>
> 2)   I filed a 3.850 motion and was advised by law clerks that time would stop as long as I had a 3.850 in court
>
> 3)   I learned later that that was not true
>
> 4)   I have grounds in my 3.850 that could only be viewed on direct appeal
>
> 5)   Ground C of said 3.850 motion is currently pending in this court – case # 1D13-961

*Id.* The First DCA directed Welch to file a supplemental appendix, which Welch did not do.   *Id.*   Accordingly, the court dismissed his petition on July 31, 2013, for failure to respond to the court's order.   *Id.*

On May 27, 2014, Welch filed another petition for belated appeal,

assigned case number 1D14-2406.   Ex. EE.   He stated in this petition that his "attorney did not file for a notice of appeal and at that time had no idea about due process (as most people outside the judicial system)" and he has "issues that has to be raised on appeal."   *Id.*   The First DCA denied this petition on July 9, 2014, citing Florida Rule of Appellate Procedure 9.141(c)(5)(A).   Ex. FF.   Welch filed a motion for reconsideration, which the First DCA denied by order on September 29, 2014.   Ex. GG.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the U.S. Supreme Court held the standard set forth in Strickland v. Washington applies in evaluating a claim that counsel provided constitutionally ineffective assistance by failing to file a notice of appeal.   Regarding Strickland's first prong, deficient performance, the Court reaffirmed that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."   Flores-Ortega, 528 U.S. at 477.   The Court discussed the circumstance where a defendant does not make a specific request or instruction to file a notice of appeal:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question:   whether counsel in fact consulted with the defendant about an appeal.

> We employ the term "consult" to convey a specific meaning –
> advising the defendant about the advantages and
> disadvantages of taking an appeal, and making a reasonable
> effort to discover the defendant's wishes.   If counsel has
> consulted with the defendant, the question of deficient
> performance is easily answered:   Counsel performs in a
> professionally unreasonable manner only by failing to follow the
> defendant's express instructions with respect to an appeal.   If
> counsel has not consulted with the defendant, the court must in
> turn ask a second, and subsidiary, question:   whether
> counsel's failure to consult with the defendant itself constitutes
> deficient performance.

*Id.* at 478 (citations omitted).   The Court rejected "a bright-line rule that

counsel must always consult with the defendant regarding an appeal":

> We instead hold that counsel has a constitutionally
> imposed duty to consult with the defendant about an appeal
> when there is reason to think either (1) that a rational defendant
> would want to appeal (for example, because there are
> nonfrivolous grounds for appeal), or (2) that this particular
> defendant reasonably demonstrated to counsel that he was
> interested in appealing.   In making this determination, courts
> must take into account all the information counsel knew or
> should have known.

*Id.* at 480.   Regarding <u>Strickland</u>'s second prong, the Court held that to

show prejudice, a defendant must demonstrate there is a reasonable

probability that, but for counsel's deficient performance, he would have

timely appealed.   *Id.* at 484-86.

In this case, in neither petition for belated appeal, nor in his filings in

this Court, did Welch indicate he had asked his attorney to file a notice of

appeal.   *See* Exs. SS, EEE; ECF Nos. 5 and 23.   In neither petition, nor in

his filings in this Court, did Welch allege that he expressed a desire to

appeal or that his attorney did not consult with him regarding his appellate

rights.   *See* Exs. SS, EEE; ECF Nos. 5 and 23.

Petitioner Welch has not shown that the state court's rejection of this

claim involved an unreasonable application of clearly established federal

law or that it was based on an unreasonable determination of the facts.

*See* 28 U.S.C. § 2254(d)(1)-(2);   Accordingly, this claim should be denied.

### (e) Entrapment Defense

In his fifth sub-claim, Petitioner Welch argues trial counsel provided

ineffective assistance because counsel did not explain the entrapment

defense to Welch.   ECF No. 5 at 6.   Respondent indicates Welch does

not appear to have raised this claim in state court and "even if it had been

raised below, the issue would have been denied."   ECF No. 21 at 29.   In

his reply, Welch states he raised this claim in a Rule 3.850 motion, it was

denied, and he appealed to the First DCA, case number 1D12-269.   ECF

No. 23 at 3.   He further states, "I had asked my trial counsel about

entrapment and he told me that my situation was not entrapment.   I

learned later, through research, that i[t] was entrapment and that there

were two forms, subjective and objective." *Id.*

A review of the order rendered December 5, 2011, appealed in case number 1D12-269, reflects the state post-conviction trial court summarily denied several claims similar to that asserted here, referencing entrapment, although none appear specifically the same:

> 7.   As grounds (E) and (K), Defendant alleges that trial counsel was ineffective for failing to investigate a pre-existing conflict between Defendant and Deputy Miller.   According to Defendant, Deputy Miller was out to get him and made him a target for the drug task force.   Defendant argues that counsel should have brought this fact out at trial.   The record reflects that this fact (that Deputy Miller was specifically targeting Defendant) was brought out at trial.   *See* Trial Transcript at 23 (line 25) – 24 (lines 1-8).   Thus, Defendant fails to show either error by counsel or prejudice.   This claim is without merit.

> 8.   As to ground (F), Defendant alleges that trial counsel was ineffective for failing to cross-examine Deputy Miller at trial. Contrary to Defendant's claim, counsel did cross-examine Deputy Miller.   *See* Trial Transcript at 31-33.   In addition, the fact that the deputy was specifically targeting Defendant in his investigation was brought out at trial.   *Id.* at 23 (line 25) – 24 (lines 1-8).   Defendant fails to show either error by counsel or prejudice.   Accordingly, this claim is without merit.

>     . . . .

> 13.   As to ground (L), Defendant alleges that trial counsel was ineffective for failing to challenge a discovery violation by the State.   Defendant contends that the State failed to disclose the name of the confidential informant prior to trial; and, that had her name been disclosed, he would have been able to put on a viable defense of entrapment.

The record reflects that the sale of cocaine that took place in this case was captured on video.   *Id.* at 43 (lines 8-25) – 44 (lines 1-20).   In addition, Defendant testified at trial that he has known the confidential informant for years; that she had been asking him to sell her cocaine for approximately a week; and, that he arranged for her to buy some crack cocaine from his uncle.   *Id.* at 61 (lines 1-25) – 67 (lines 1-22), 69 (lines 10-25) – 70 (lines 1-6).   At trial, Defendant did not argue entrapment as a defense.   Instead, he presented a defense based on the claim that the person selling the cocaine in the video was his uncle.   Thus, Defendant fails to show how the identity of the confidential informant was necessary to put forward an entrapment defense.   Furthermore, the State did disclose the confidential informant to the defense prior to trial.   *See* State's Supplemental Discovery Exhibit.   Because Defendant fails to show either error or prejudice, this claim is without merit.

14.   As to ground (M), Defendant alleges that Deputy Miller entrapped him into committing the charged offenses. This claim is not cognizable in a rule 3.850 motion.   Singletary v. State, 925 So. 2d 447, 447 (Fla. 2d DCA 2006).

. . . .

18.   As to ground (U), Defendant alleges that the confidential informant entrapped Defendant into committing the charged offenses.   This claim is not cognizable in a rule 3.850 motion.   Singletary v. State, 925 So. 2d 447, 447 (Fla. 2d DCA 2006).

Ex. B at 212-16.   On appeal, the First DCA affirmed the denial of all but

one of these grounds without discussion.   Welch v. State, 98 So. 3d 721,

722 (Fla. 1st DCA 2012).   This constitutes a ruling on the merits and is

entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562

U.S. at 98-100.

As to Ground (L), which was claim C in Welch's amended post-conviction motion, the First DCA reversed and remanded the summary denial of that claim, explaining:

> In summarily denying this claim, the circuit court reasoned that the state did disclose the existence of a confidential informant, that Welch testified at trial that he knew the confidential informant, and that the transaction was captured on video. While all of the above may be true, it does not refute Welch's assertions that he did not know the identity of the confidential informant before he saw her in the courtroom on the day of the trial and that the identity of the confidential informant is not revealed on the video.
>
> Accordingly, with respect to claim "C," we remand for the circuit court to attach portions of the record that conclusively refute the allegations or to conduct an evidentiary hearing.

Welch, 98 So. 3d at 722 (footnote omitted).   On remand, the state post-conviction court held an evidentiary hearing on January 16, 2013, as explained in the procedural history, *supra*, and in the analysis of Ground 2(a), *supra*.   As also explained above, Welch appealed the order entered on remand and the First DCA affirmed without a written opinion.   Ex. S. This constitutes a ruling on the merits and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings

that Officer Miller testified at trial that Welch was a target for the drug task force and Welch's trial counsel cross-examined Officer Miller.    Ex. B at 55-56, 63-65.    Further, as set forth in the analysis of Ground 2(a), *supra*, the state court record supports the findings of the post-conviction court, in the order entered on remand, regarding the testimony of Welch and his trial counsel, Michael Bryant, at the evidentiary hearing.    Ex. Q at 47-52 (testimony of Welch); 82-83, 94-96, 100-02, 107-10, 119-22, 130-32 (testimony of Bryant).    Bryant testified that he was familiar with the confidential informant as she had been involved in other cases of his and he already had "several depositions involving this same confidential source."    *Id.* at 100-01.    Bryant testified he "already had the information" about the confidential informant, so he did not interview or depose her for Welch's case, particularly given the misidentification defense Welch had chosen to pursue, that he was not involved in the controlled buy.    *Id.* at 102, 107-10.    Contrary to Welch's claim that he did not know the identity of the confidential informant until trial, counsel testified that when they viewed the video together at the jail, Welch recognized the voice of the confidential informant on the video and told counsel he had grown up with the confidential informant's son and knew her well.    *Id.* at 107.    The state

post-conviction court permissibly accepted the testimony of defense counsel over that of Welch.

Moreover, defense counsel repeatedly testified that Welch insisted on pursuing a defense of misidentification, despite defense counsel's advice to the contrary.   Ex. Q at 107-10, 119-20.   Such a defense is inconsistent with the defense of entrapment.   Generally, a defendant who denies committing the charged offense cannot claim entrapment as a defense. *See* Wilson v. State, 577 So. 2d 1300 (Fla. 1991); Green v. State, 34 So. 3d 783, 784 (Fla. 2d DCA 2010) (citing section 777.201(1), Florida Statutes, regarding entrapment and explaining:   "By this definition, to present an entrapment defense, one would have to admit that he or she committed the crime but did so only because of the actions of law enforcement."); Ul Haq v. State, 997 So. 2d 1284, 1285 (Fla. 4th DCA 2009) (explaining "an entrapment defense requires that the defendant admit he was a knowing participant" in the offense).

Based on the foregoing, assuming this claim was fairly presented and exhausted, Petitioner Welch has not shown the state court's rejection of this claim was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2)

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.    *See* 28 U.S.C. § 2254(d)(1)-(2).    This claim should be denied.

### (f) Plea Deal

In his sixth sub-claim, Petitioner Welch argues, as he did in Ground 1, *supra*, that trial counsel provided ineffective assistance because counsel did not inform him about a three-year plea deal from the State.    ECF No. 5 at 6.    As explained in the analysis of Ground 1, *supra*, Petitioner Welch has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.    *See* 28 U.S.C. § 2254(d)(1)-(2).    Accordingly, this claim should be denied.

### <u>Ground 3</u>:    Identity of Confidential Informant

In his third ground, Petitioner Welch seeks relief because he argues the State did not disclose the identity of the confidential informant, a discovery or <u>Brady</u> violation.    ECF No. 5 at 8.    Respondent indicates Welch exhausted the claim "by presenting this argument in one of his motions for postconviction relief."    ECF No. 21 at 33.

Petitioner raised a similar ground in state court in an amended Rule

3.850 motion, as Claim C, alleging IAC for failure to file a motion requesting the name of and any information regarding the confidential informant.   As discussed and quoted above, the state post-conviction court summarily denied the claim, as Ground (L), in an order rendered December 5, 2011, and, on appeal, the First DCA reversed and remanded the summary denial of that claim.   On remand, the state post-conviction court held an evidentiary hearing and, thereafter, denied this claim, in an order dated January 29, 2013, making detailed findings, quoted in the analysis of Ground 2(a).   Among other things, the court accepted the testimony of defense counsel that defense counsel and Welch knew the identity of the confidential informant prior to trial.   The court specifically found "the claim that counsel did not advise him that there was a confidential informant and video in this case is simply not credible given the record."   Ex. L at 18. The court further found, "Defendant's claim that he did not know who the confidential informant was until trial is completely nonsensical given the fact that he explicitly remembered the minute details of their conversations, both prior to and during the date of the offense, when he took the stand and testified."   *Id.*   On appeal, the First DCA affirmed without a written opinion. Ex. S.   This constitutes a ruling on the merits and is entitled to AEDPA

deference.   *See* 28 U.S.C. § 2254(d); <u>Harrington</u>, 562 U.S. at 98-100.

As explained in the analysis of Grounds 2(a) and 2(e), the state court record support's the post-conviction court's findings regarding the testimony of Welch and his trial counsel at the evidentiary hearing.   Ex. Q at 47-52 (testimony of Welch); 82-83, 94-98, 100-02, 107-10, 119-22, 130-32 (testimony of counsel).   Defense counsel testified he knew the identity of the confidential informant prior to trial.   He testified he "was aware of the fact they had a confidential informant in the case" and when he received discovery, "it was listed on the discovery form as one of the witnesses." Ex. Q at 98.   He testified he did not remember "off the top of [his] head . . . exactly when" he got the information, but he "was aware of the fact that they had a confidential source and [he] provided that information to Mr. Welch."   *Id.* at 99-100.   He testified he knew who the confidential informant was because he had "a trial involving this same confidential source," had "several depositions involving this same confidential source," and had reviewed the video in Welch's case.   *Id.* at 100-01.   He testified he did not file a motion in Welch's case to disclose the name and address of the confidential informant because "[i]t would have been redundant."   *Id.* at 102.   He also testified that when he and Welch reviewed the video, "Mr.

Welch recognized the voice of the confidential informant.   I told him who she was.   He told me he grew up with her son, knew her well."   *Id.* at 107.

Assuming he fairly presented and exhausted this ground in state court, Petitioner Welch has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## <u>Ground 4</u>:   **Evidence Tampering**

In his fourth ground, Petitioner Welch argues the trial court erred in denying his claim of evidence tampering.   ECF No. 5 at 10.   In particular, Welch asserts the "trial court looked at chain of custody rather than the weight of cocaine (crack) evidence" and "trial shows a bag of crumbs, versus, F.D.L.E. shows 0.1 grams of crack cocaine – that's residue."   *Id.* Respondent indicates Welch exhausted this ground "by presenting this argument in one of his motions for postconviction relief."   ECF No. 21 at 36.   Respondent further indicates this ground is similar to the IAC claim raised in Ground 2(c), *supra*.   ECF No. 21 at 38.   Respondent also

indicates Welch raised this evidence tampering claim in state court as one

alleging newly discovered evidence.    *Id.* at 37-38.    The state post-

conviction court denied the claim in an order rendered March 11, 2013,

making the following findings:

> As to ground (A), Defendant alleges newly discovered evidence based on his learning during the evidentiary hearing on his prior motion for post-conviction relief that there was a difference in weight of the cocaine listed in the Investigator Miller's report and the report created by FDLE.    Investigator Miller indicated that the cocaine collected at the time of the offense weighed 2/10th of a gram.    *See* Sworn Complaint. However, the amount of cocaine listed in the FDLE report was 1/10th of a gram.    Defendant additionally argues that Investigator Miller initially described the cocaine as a "white rock substance," but at trial its consistency was crumbs.    *See* Sworn Complaint; Trial Transcript at 28 (lines 16-25) – 29 (lines 1-8).

> The instant claim is substantially [the] same as a claim previously raised by Defendant and denied by this Court.    *See* Motion for Post-Conviction Relief (filed December 5, 2011) at 7; Amended Motion for Post-Conviction Relief (filed December 5, 2011) at 5, 13-14; Order Denying Motions for Post-Conviction Relief at 5-6.    The denial of that claim was affirmed on appeal. Welch v. State, 98 So. 3d 721 (Fla. 1st DCA 2012). Accordingly, the claim raised is barred by collateral estoppel. Collateral estoppel precludes a defendant from rearguing in a successive motion the same issue argued in a prior motion. State v. McBride, 848 So. 2d 287, 291 (Fla. 2003); see also Jenkins v. State, 749 So. 2d 527, 528 (Fla. 1st DCA 1999) (noting that a defendant may not raise the same illegal sentencing issue in successive post-conviction motions).

> Even if the claim were not barred by collateral estoppel, it

is still without merit.   "To obtain relief based on newly discovered evidence, a petitioner must satisfy two prongs." Archer v. State, 934 So. 2d 1187, 1193 (Fla. 2006).   "First, the evidence offered must have been unknown by the trial court, by the party, or by counsel at the time of the trial, and it must appear that neither defendant nor his counsel could have known of it by the use of due diligence."   *Id*.   "Second, the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial."   *Id*.   Here, the information at issue was available to the defense prior to trial. Thus, it is not newly discovered evidence.   Accordingly, the claim raised is without merit.

Ex. W at 26-27.   On appeal, the First DCA affirmed without a written opinion.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings. As explained in the analysis of Ground 2(c), *supra*, Officer Miller testified at trial concerning the controlled buy, the "very small amount" of crack cocaine he secured in the evidence envelope in this case, and that such cocaine is "very thin . . . [s]o whenever it's placed in evidence lockers or handled around, it's going to break up."   Ex. A at 60-61.   Thus, as the state court found, this information was known to the defense prior to, or at the time of, the trial and is not newly discovered evidence.

Petitioner Welch has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Johnny Welch is not entitled to federal habeas relief.   The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (ECF No. 5).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2018.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**